IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT PLACE PHARMACY, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 4:17-cv-1653 |
| UNITED HEALTH CARE OF TEXAS, AND OPTUMRX, LLC | § § § § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendants, for the purpose only of removing this cause to the United States District Court for the Southern District of Texas, Houston Division, respectfully state as follows:

1. **State Court Action.** This is an action filed by Plaintiff on April 28, 2017 in the 11th Judicial District Court of Harris County, Texas, being numbered 2017-28505 on the docket of said court, and essentially being a suit by Plaintiff alleging Defendants wrongfully failed to approve Plaintiff's application for credentialing and to become a participant in a pharmacy network for certain health plans, including Medicare plans, as set forth in the Plaintiff's Original Petition ("Original Petition") and its Second Amended Petition ("SAP").

2. **Removal Jurisdiction**.  As set forth below, the Court has diversity jurisdiction as alleged in the Original Petition, Amended Petition, and the SAP. Alternatively, the Court has diversity jurisdiction based on the improper joinder of

"United Health Care," "United Health Care, Inc.," or "United Health Care of Texas." Alternatively, the Court has federal question jurisdiction because Plaintiff's claim arises under the Medicare Act.

3.  **Diversity of Citizenship.**  This action is removable under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) inasmuch as the amount in controversy exceeds $75,000.00 and is between parties with diverse citizenship. Plaintiff is a Texas limited liability company that is "locally owned" (Original Petition ¶ 3; *see* SAP ¶ 4; Exhibit A),[1] and Defendant "OptumRx, LLC", which is correctly named OptumRx, Inc., is a California corporation, with its principal place of business in Irvine, California (*see* Heenan Declaration, Exhibit B),[2] while Defendant "United Health Care,"[3] which is correctly named United HealthCare Services, Inc., is a Minnesota corporation with its principal place of business in Eden Prairie, Minnesota (*see* Jacobsen Declaration, Exhibit C; SAP ¶ 5).[4]

4.  There is no UnitedHealth Group, Inc. affiliate or entity named OptumRx, LLC or "United Health Care of Texas;" rather, the correct name of the entities that received Plaintiff's credentialing application, on one hand, and inspected Plaintiff's pharmacy, on the other, are OptumRx, Inc. (s*ee* Exhibit B) and United HealthCare

---

[1] The Court may take judicial notice of public disclosure documents filed with governmental agencies. *See* Fed. R. Evid. P. 201; In Re BP p.l.c. Sec. Litig., 922 F. Supp. 2d 600, 614 (S.D. Tex. 2013).

[2] Nonetheless, Plaintiff alleges Defendant "OptumRx, LLC" is a California company (*See* Original Petition, ¶5, SAP ¶ 6).

[3] Plaintiff variably refers to "United Health Care" as "United Health Care, Inc.," "UHC," and "United Health Care of Texas" (SAP at 1 and ¶ 5).

[4] Nonetheless, Plaintiff alleges "United Health Care" is a foreign, "Minnesota based corporation" (SAP ¶ 5).

Services, Inc. (*see* Exhibit C), respectively.[5]  Moreover, the Court should disregard the citizenship of "United Health Care of Texas," "United Health Care, Inc.," and "United Health Care" because they are sued under fictitious names.  See 28 U.S.C. § 1441(b). Therefore, Plaintiff is a citizen of Texas, and Defendants are citizens of California and Minnesota for removal and diversity purposes. There is complete diversity of citizenship between Plaintiff and Defendants at the time of filing suit and at the time of removal.

5.     Plaintiff's monetary demand of $200,000 – $1,000,000.00 in the Original Petition confirms the amount in dispute exceeds $75,000.00, exclusive of interest and costs (Original Petition ¶ 2).[6] This Court therefore has original jurisdiction pursuant to 28 U.S.C. § 1332, and Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Norplant Contraceptive Products Litigation*, 918 F. Supp. 178 (E.D. Tex. 1996) (removal is proper if defendant shows by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount). This action is wholly of a civil nature.

6.     **Improper Joinder**.  Alternatively, the Court may disregard the citizenship of UnitedHealthcare of Texas, Inc because it has been improperly named solely to defeat diversity jurisdiction and prevent removal to this Court. In situations such as this, when improper joinder is asserted, the Court must "pierce the pleadings" to determine whether

---

[5] Tellingly, Plaintiff specifically identified "UHC" as United HealthCare Services, Inc. in the SAP as well (SAP ¶ 12(b)).

[6] This allegation is required under Tex. R. Civ. P. 47(c).  Although the SAP omits this allegation, Plaintiff does not allege the amount in dispute has changed from its earlier demand for between $200,000 and $1,000,000 in damages, and Plaintiff still seeks damages, premised on the same set of facts as the Original Petition (Cf. Original Petition ¶2 *with* SAP ¶ 51 and ¶ 53).

a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817 (1990). Here, UnitedHealthcare of Texas, Inc. has been improperly joined. As set forth in the attached Declaration, UnitedHealthcare of Texas, Inc. does not own OptumRx, Inc., and the individuals named in Plaintiff's pleadings are not employed by UnitedHealthcare of Texas, Inc. [*See* Jacobsen Declaration attached as Exhibit C.] Rather, OptumRx, Inc. is a wholly owned subsidiary of United HealthCare Services, Inc. (*Cf. id.* with SAP ¶ 10), and United HealthCare Services, Inc. is the entity that owns OptumRx and that employs the individuals named in Plaintiff's pleadings (*see id.*). As such, there is no justiciable controversy between Plaintiff and UnitedHealthcare of Texas, Inc., Plaintiff has not stated a valid claim against UnitedHealthcare of Texas, Inc., and there is no possibility of recovery against UnitedHealthcare of Texas, Inc..

    7.    **<u>Federal Question Jurisdiction: Medicare.</u>** This action is removable under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a). The Court has federal question jurisdiction by virtue of Plaintiff's elemental allegations regarding network participation under Medicare plans, which directly implicate substantial federal issues under those plans and federal laws governing networks of preferred pharmacies under Medicare. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) ("[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."); *see also Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline*

*Co.*, L.L.C., 850 F.3d 714, 725–26 (5th Cir. 2017) (concluding that the plaintiff's state law "negligence and nuisance claims necessarily raise federal issues sufficient to justify federal jurisdiction").

8.      For example, Plaintiff alleges that Defendants "discriminate against retail pharmacies by requiring patients to pay mandatory co-pays, while waiving the same co-pays for customers who use OptumRx Pharmacy" and by steering plan members (including Medicare enrollees) to other network pharmacies (SAP ¶¶ 10, 16, 18). Plaintiff also alleges that Defendants violated Tex. Ins. Code art. 21.52B, § 2(a)'s provision prohibiting health insurance policies from denying "a pharmacy or pharmacist the right to participate as a contract provider *under the policy or plan* if the pharmacy or pharmacist agrees to provide pharmaceutical services that meet all terms and requirements… that apply to pharmacies and pharmacies who have been designated as providers *under the policy or plan*."  Plaintiff expressly alleges that the underlying policies and plans include Medicare plans (SAP ¶ 10).  With respect to Plaintiff's claim concerning participation under Medicare plans, Plaintiff's claim necessarily implicates federal issues in two respects.

9.      First, under Tex. Ins. Code art. 21.52B, the claim depends on the terms of the underlying plans. *Quality Infusion Care, Inc. v. Humana Health Plan of Texas, Inc.*, 290 Fed. App'x 671, 2008 WL 3471861 (5th Cir. 2008) ("[T]here would be no AWP question [under art. 21.52B] here if the "terms" and "requirements" of the Plan were not met. Indeed, the AWP itself expressly disclaims any mandate of pharmaceutical benefits by its terms.").  –Here, this state statute incorporates terms of federally regulated plans

operated under the Medicare program, which are operated pursuant to contracts with the Centers for Medicare and Medicaid Services ("CMS"). *See* 45 U.S.C. § 423.505(b)(18) (CMS contract requirements, including its rule concerning participation of pharmacies in a network); 42 C.F.R. § 423.120(a)(9) (the Preferred Pharmacy Rule). An element of Plaintiff's claim thus depends on (and incorporates) the terms of CMS regulations and the contracts under which Medicare Part D drug plans are operated. Accordingly, Plaintiff's claim challenges how CMS regulations and contracts are applied in connection with participating pharmacies under Medicare plans, raising substantial issues of federal law.

10. Second, the Fifth Circuit has held that independent pharmacies' complaints about disparate treatment of non-network pharmacies with respect to cost-sharing under Medicare plans (such as Plaintiff alleges here), which is permitted by CMS's Preferred Pharmacy Rule, is subject to administrative exhaustion under the Medicare Act and 42 U.S.C. § 405(h). *See Southwest Pharmacy Solutions, Inc. v. Centers for Medicare and Medicaid Services*, 718 F.3d 436, 440-448 (5th Cir. 2013). Significantly, only "claims arising under" the Medicare Act are subject to the exhaustion requirements of § 405(h). *See id.*; *See Rencare, Ltd. v. Humana Health Plan of Texas, Inc.*, 395 F.3d 555, 557 (5th Cir. 2004). Because art. 21.52B incorporates standards and terms set by the Medicare program for Medicare plans, which are operated under contracts with the federal government to provide federal benefits to federal constituents, the claim necessarily implicates a substantial federal interest that threatens to disrupt administration of a federal benefits program under federal contracts.

11. In sum, resolution of the Plaintiff's complaints under Tex. Ins. Code art. 21.52B necessarily depends on terms of federal contracts and CMS regulations governing participation of pharmacies in networks under Medicare plans. Because Plaintiff pleads a claim effectively "arising under" the Medicare program, there are substantial federal issues actually in dispute, key to Plaintiff's claim, the determination of which threaten the national administration of pharmacy networks under the Medicare program. The Court therefore has federal question jurisdiction under 28 U.S.C. § 1331.

12. **Removal is Timely.** Removal is timely under 28 U.S.C. § 1446(b), as Defendants were served with a copy of the Plaintiff's Original Petition on May 3, 2017. *See, Murphy Bros., Inc. v. Michetti Pipe Stringing*, Inc., 526 U.S. 344, 354 (1999); *see also, Spoon v. Fannin County Cmty. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 705 (E.D. Tex. 2011) ("The Fifth Circuit has further established that the thirty day period starts to run as soon as the first defendant is served.").

13. **State Court Documents Attached.** Pursuant to Rule 81 of the Local Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding lettered exhibits:

| | **Document** | **Date Filed** |
|---|---|---|
| D. | Docket Sheet | N/A |
| E. | Civil Case Cover Sheet | 04/28/17 |
| F. | Plaintiff's Original Petition | 04/28/17 |
| G. | Tracking on Process – OptumRx | 05/01/17 |
| H. | Tracking on Process - United | 05/01/17 |
| I. | CMRRR Receipts for Service | 05/03/17 |
| J. | Service of Process Transmit Ltr | 05/03/17 |
| K. | Service of Process to United | 05/11/17 |
| L. | Services of Process to OptumRx | 05/11/17 |

| | | |
|---|---|---|
| M. | CMRRR Green Card Return – OptumRx | 05/12/17 |
| N. | CMRRR Green Card Return - United | 05/12/17 |
| O. | Plaintiff's Amended Petition | 05/25/17 |
| P. | Defendants' Original Answer | 05/26/17 |
| Q. | Second Amended Original Petition (never served) | 05/26/17 |

A List of Parties, Counsel, and State Court Information is set forth in the Supplemental Civil Cover Sheet attached hereto.

14. **Notice.** Defendants will give notice of filing of the Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d) and will file with the state court a notice of filing this Notice of Removal.

15. **Prayer.** Defendants pray that the United States District Court for the Southern District of Texas, Houston Division, accept this Notice of Removal, that it assume jurisdiction of this cause, and that it issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Dated: June 1, 2017            Respectfully submitted,

By:  /s/ *Andrew G. Jubinsky*
    Andrew G. Jubinsky
    Texas Bar No. 11043000
    Fed. I.D. No. 8603
    andy.jubinsky@figdav.com
    **Attorney-in-Charge**

**Of Counsel:**
Raymond E. Walker
Texas Bar No. 24037663
Fed. I.D. No. 36366
ray.walker@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on June 1, 2017.

**Via FedEx:**
Nizar A. DeWood, Esq.
nizar@dewood-law.com
DeWood, P.C.
4200 Montrose Blvd, Suite 540
Houston, TX 77006
*Attorney for Plaintiff Scott Place Pharmacy*

            /s/ *Andrew G. Jubinsky*
            Andrew G. Jubinsky