UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT PLACE PHARMACY, LLC | § | C.A. No. 4:17-cv-1653 |
| | § | |
| | § | |
| Plaintiff | § | |
| V. | § | |
| UNITED HEALTHCARE OF TEXAS, INC. | § | ORAL ARGUMENTS REQUESTED |
| OPTUMRX, INC | § | |
| | § | |
| Defendants | § | |
| | § | |

**PLAINTIFF'S MOTION TO REMAND**

### I.      INTRODUCTION

Plaintiff Scott Place Pharmacy, LLC ("SPP"), by counsel, respectfully files its Motion to

Remand this matter back to the District Court for Harris County, 11th Judicial District. If this

was a federal case, Plaintiff would concede federal jurisdiction or would have initially filed

this matter with this court. But this case is a purely state law matter as it seeks no monetary

damages (except for injunctive relief and attorneys' fees and costs), and raises no federal

question based causes of action.

On June 2, 2017, Defendants United Healthcare of Texas[1] and United Healthcare Services,

Inc. ("UHC") and OptumRx, Inc. ("ORX") - collectively "Defendants" - filed Notice of

---

[1] Defendants point that United Healthcare of Texas is improperly joined.  For purposes of this Motion
only, Plaintiff will also include United Healthcare Services, but will maintain United Healthcare of Texas
as a party until such time as discovery reveals whether United Healthcare of Texas is not a proper party
Defendant.

Removal ("NOR") (*Dkt. 1*) alleging diversity and federal question jurisdiction. The NOR ignored Plaintiff's Second Amended Petition ("SAP"), which seeks only injunctive and declaratory relief. Further, nothing in Plaintiff's SAP raises any issues concerning Medicare because **Plaintiff SPP is already credentialed to accept Medicare/Medicaid**[2]**.** Thus, this case has nothing to do with Medicare, but everything to do with Defendants' unlawful practice of delaying new pharmacies from entering Defendants' network.

**No Federal Question or Diversity Jurisdiction**

Plaintiff is not requesting any monetary damages in its Second Amended Petition, which was filed prior to Defendants' removal notice, and which supersedes all Plaintiff's original pleadings. See *SAP*, **Exhibit 1**. Moreover, there is **no** Medicare issues here because Plaintiff is already credentialed to process Medicare/Medicaid claims. Therefore, Defendants purported concerns about Medicare (which Defendants are experts at defrauding) cannot possibly be an issue when Plaintiff is already approved by Medicare/Medicaid and numerous other healthcare plans. Again, the sole issue here is Defendants' continued violation of Texas state insurance laws and regulations, which require Defendants to credential Plaintiff within 90-days of applying to enter its network. Plaintiff passed every inspection imaginable, including Defendants' inspection on April 4, 2017.  To date, Plaintiff has not been provided any reason for the delay.

**Defendants' History of Fraud & Misconduct**

If Defendants are wondering when Medicare becomes a federal issue, Defendants need look no further than the two-major civil fraud class action lawsuits brought against Defendants for

---

[2] Plaintiff is already credentialed with other pharmacy benefits managers and processes Medicare/Medicaid claims successfully every day. Medicare is simply not an issue in this case.

violating Medicare, and other federal and state healthcare laws.  The first is a Minnesota federal class action case where Defendants are accused of defrauding pharmacies, customers, and healthcare plans.[3]  The second is a federal civil fraud case charging Defendants and many of its subsidiaries for violating the false claims act and fraud.[4]  Today, Defendant UHC is the poster-child for Medicare fraud, dishonesty, and misconduct. Defendants legal past shows hundreds of millions of dollars in paid penalties and fines for their continual fraudulent behavior.[5]  Defendants' FRE 404 prior bad acts are relevant not just for purposes of this motion. The attached exhibits are but a small sample of Defendants' apex contempt for Medicare and the rule of law.

Thus, Defendants should not be permitted to contrive federal jurisdiction to unnecessarily delay Plaintiff's credentialing application, and protract the costs of this litigation. For the reasons below, this Court should grant this motion and remand this matter to the 11th Judicial District for proper disposition.

## II.    FACTUAL BACKGROUND

On April 28, 2017, Plaintiff SPP sued Defendants UHC and ORX in the 11th Judicial District for violating Tex. Bus. & Comm. Code §15.21(1) and V.T.C.A. Insurance Code Art. §21.52B. On May 25, 2017, Plaintiff filed its First Amended Petition and reduced the damages to $50,000 with respect to the Tex. Bus. & Comm. Code §15.21(a) claim. On May 26, 2017, Plaintiff filed its Second Amended Petition ("SAP") to correct certain facts, and withdrew entirely the Tex. Bus. & Comm. Code §15.21(1) cause of action, and sought only declaratory judgment and injunctive

---

[3] *Class Action Complaint*, **Exhibit 2**.
[4] See *U.S. v. United Healthcare Complaint*, **Exhibit 3**.
[5] See *Customer Reviews of Defendant OptumRx, Inc.*, **Exhibit 4**.

relief. *SAP*, **Exhibit 1**.  Plaintiff's SAP does <u>not</u> seek monetary damages or raise any federal related issues such as Medicare.  Defendants never answered Plaintiff's SAP in the Harris County District Court.

On June 5, 2017, Defendants filed their NOR claiming diversity and federal question jurisdiction. The NOR alleges that Plaintiff improperly joined United Healthcare of Texas ("UHCTX") to defeat diversity jurisdiction[6]. Defendants' NOR fails to address Plaintiff's SAP's factual allegations and the injunctive relief requested therein. Instead, the NOR improperly cites to Plaintiff's original pleadings. Thus, Defendants intentionally ignore Plaintiff's SAP and cherry-picked the damages asserted in the original pleading (which is no longer an issue in this case) to argue for removal.

Also, Plaintiff's SAP does not concern Medicare or any other federal healthcare law. Plaintiff is already credentialed to accept Medicare/Medicaid claims. Because there is no diversity or federal question jurisdiction, this Court should grant Plaintiff SPP's Motion to Remand.

## III.    DISCUSSION

### A.  Federal Removal

Federal courts are courts of limited jurisdiction as specifically authorized by the constitution and federal statute. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). Thus, the burden of establishing federal jurisdiction rests on the party seeking the federal forum.   *Bourne v. Wal-Mart Stores*, Inc., 582 F. Supp. 2d 828, 832 (E.D. Tex. 2008).  A party seeking removal thus

---

[6] Defendants attach an Affidavit of an employee claiming that UHCTX is not a proper party to this litigation. Plaintiff however has not conducted discovery to determine if UHCTX is or is not a proper party. Should discovery indicate otherwise, it would be Plaintiff's duty to dismiss UHCTX.

must establish clearly the existence of diversity jurisdiction and/or federal question jurisdiction. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).  A case with only state law claims may arise under federal law "where the vindication of a right under state law necessarily turns on some construction of federal law." *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (holding that a case arises under federal law if a well-pleaded complaint establishes that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law).  Generally, the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question or jurisdiction is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, at 392 (1987).

Under the well-pleaded complaint rule, the plaintiff is the master of its claim and may avoid federal jurisdiction by exclusively relying on state law, even where a federal claim is also available. *Id*. Moreover, a case may not be removed to federal court based on a federal defense "even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393; see also *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003). Here Plaintiff's SAP does not raise Medicare related federal claims, nor does it request any monetary damages. Accordingly, there is no federal jurisdiction.

### B.   No Diversity Jurisdiction

Defendants argue that the parties are of different states, and point that Plaintiff's <u>original</u> pleading requested more than $75,000 in damages to support their diversity jurisdiction claim. But Defendants intentionally omit from their removal notice the fact that Plaintiff's SAP seeks

only injunctive relief and no damages. See *SAP*, **Exhibit 1**. Because Plaintiff's SAP seeks no damages, and only injunctive and declaratory relief there can be no diversity jurisdiction.

### C.  Medicare Is Not an Issue

Defendants then argue that federal question jurisdiction exists because Plaintiff's petition mentions "Medicare" in its pleadings. Defendants then expound on that point and allege without support that "Plaintiff's elemental allegations regarding network participation under Medicare plans, directly implicates substantial federal issues." *NOR* at 4. But Defendants clearly did not read Plaintiff's SAP. Plaintiff never made any "elemental allegations" (whatever that means) concerning Medicare. Medicare cannot possibly be an issue here because Medicare has already approved Plaintiff SPP as a healthcare provider. Plaintiff's pleadings simply described Defendant ORX as a pharmacy benefits managers that processes claims between pharmacies and numerous healthcare plans, including Medicare. This is simple background information about the Defendants. Defendants who risk being excluded from Medicare for defrauding Medicare out of billions of dollars should be more concerned about putting their house in order, rather than being concerned about Medicare, which has already approved Plaintiff as a member in its network.

### D.  Defendants' Cited Legal Authority is Inapplicable

Defendants cite four cases, one non-existing federal statute (45 U.S.C. §423.505(b)(18)) and 42 C.F.R.  §423.120(a)(9) in support of their removal claim. None are applicable as shown below.

### i. *Grable v. Drue*[7] is inapplicable

*Grable* is a federal tax litigation matter, involving specific and important interpretation of federal tax laws. In *Grable*, the IRS, a federal agency, seized real property owned by petitioner Grable to satisfy a federal tax delinquency. Grable argued that the seizure was invalid because 26 U.S.C. §6335 required the IRS to give Grable notice of the sale. To that end, petitioner Grable removed the case to federal court because it is a federal tax case involving a federal statute. The facts and holding of Grable are irrelevant to Plaintiff's instant case.

Here, Plaintiff does not allege Defendants violated any federal law, or alleged any facts concerning Medicare.  Plaintiff's pleadings only alleged that Defendant ORX generally processes claims for private healthcare plans, including Medicare. This is background information about ORX, and does not relate to any Medicare statute or regulation.

### ii. *Bd. of Commissioners of Se. Louisiana v. Tennessee Gas Pipeline*[8] is inapplicable.

*Tennessee Gas* involves a complex legal action involving 92 oil and gas companies, including the application of various federal environmental laws such as the Harbors Act of 1899, the Clean Water Act of 1972, and the Coastal Zone Management Act of 1972, among others. Because of the numerous federal environmental statutes involved, the U.S. District Court in *Tennessee Gas* properly found federal question jurisdiction, and granted removal.

---

[7] 545 U.S. 308, 314 (2005)

[8] 850 F.3d 714, 725–26 (5th Cir. 2017)

Here, there is no Medicare/Medicaid issues because Plaintiff has already met all Medicare/Medicaid credentialing requirements, including the requirements of other pharmacy benefits managers, including Defendant ORX. The only issue is Defendants' intentional and unlawful delay of Plaintiff's entry into their network in violation of Texas insurance laws and regulations. Unlike *Tennessee Gas*, this case does not involve 92 oil and gas companies accused of violating numerous federal environmental laws. This case involves Defendants who want to delay credentialing. This is purely a state matter, and not a federal question case.

### iii. *Quality Infusion Care v. Humana*[9] *("QIC")* **is inapplicable.**

Defendants then cite *QIC* to argue that "there would be no AWP[10] question under art. 21.52B **if** the terms and requirements of the Plan were *not* met." (Emphasis supplied).  But here Plaintiff has already met all requirements of Medicare/Medicaid and other private healthcare networks, including Defendant ORX. Therefore, Medicare could not possibly be an issue here as to raise federal question concerns. The only issue here is whether Defendants violated AWP, and not whether Plaintiff meets Medicare credentialing requirements. *QIC* is an interesting case and warrants further analysis to put an end to Defendants' contrived federal preemption argument.

In *QIC*, Plaintiff sued Defendant Humana after Humana refused to reimburse QIC for the cost of prescription drugs that QIC provided to a Humana insured beneficiary. Defendant Humana removed the action to federal court citing the terms of the self-funded health plan governed under

---

[9] 290 Fed. App'x 671, 2008 WL 3471861 (5th Cir. 2008)

[10] "AWP" is a Texas state law that provides that a health care plan many not prohibit a pharmacy from participating "as a contract provider under the plan" if it otherwise meets all terms and requirements and to include the same administrative financial, and professional conditions that apply to pharmacies and pharmacies who have been designated as providers under the policy or plan. See Tex. Ins. Code Ann. Art. §2(a)(2).

ERISA, pursuant to 29 U.S.C. §1001. The health plan in *QIC* was <u>not</u> Medicare. It is a self-insured healthcare ERISA qualified plan that Plaintiff QIC was not a network member of. It is puzzling why Defendants would cite *QIC*.

Here, Plaintiff SPP is not suing Defendants because they refuse to pay a prescription under a specific healthcare plan administered under ERISA, or because Plaintiff did not meet Medicare's credentialing requirements. Rather, Plaintiff is suing Defendants to enjoin Defendants from unlawfully delaying Plaintiff's entry into its network, especially after Plaintiff met all credentialing requirements. Defendants want to delay Plaintiff's entry into its network to prevent Plaintiff from directly competing with Defendants' abusive OptumRx Pharmacy.[11]  Further, the delay appears to be in retaliation for Plaintiff's other suit against Defendant ORX for conversion currently pending before this Court.

Thus, there is no Medicare/Medicaid issue here. The only issue here is whether Defendants should be enjoined from violating art. 21.52B, which requires Defendants to process Plaintiff's credentialing application without delay.

---

[11] See Exhibit 4 for a sample of the abusive customer service of OptumRx.

#### iv. 42 CFR § 423.120 is Inapplicable

Defendants' NOR cites 42 CFR §423.120 in support of removal.  Section 423.120 requires a Part D plan sponsor (presumably Defendants) to assure pharmacy access to its beneficiaries. Defendants fail to explain how Section 423.120 applies here, other than to vaguely mention the word credentialing. Section 423.120 does not outline any requirements for Plaintiff SPP. The requirements of Section 423.120 apply to Defendants to provide their beneficiaries with sufficient access to retail pharmacies. Again, Plaintiff SPP is credentialed with Medicare/Medicaid and other private healthcare providers without issue. Here, the issue is whether Defendants violated a simple Texas law that requires Defendants to credential Plaintiff within 90 days of submitting their application.

#### v. 45 U.S.C. § 423.505(b)(18) does not Exist.

The NOR cites 45 U.S.C. §423.505 in support of removal. Title 45 of the United States Code deals with Railroads. There is no section 423.505(b) that relates to Medicare.  A statute that does not exist cannot possibly support Defendants' removal request.

## IV. CONCLUSION

If this case was a federal case, Plaintiff would have originally filed it with this honorable court, or would have conceded federal jurisdiction. But this case is based only on Texas state law, and seeks only injunctive and declaratory relief. Plaintiff therefore respectfully requests remand of this action to the 11th Judicial District.  A proposed Order is attached.

Date: June 18, 2017

Respectfully submitted,

DeWood, P.C.

By:  */s/ Nizar A. DeWood*
    Nizar A. DeWood, Esq.
    Texas Bar No. 24091997
    Federal ID No. 2551535
     Email:  nizar@dewood-law.com
    4200 Montrose Blvd, Suite 540
    Houston, X 77006
    Tel. (713) 492-2274 | Fax. (888) 398-8428
    Attorney for Plaintiff Scott Place Pharmacy

## CERTIFICATE OF SERVICE

It is hereby certified that on June 19, 2017 a copy of the above Plaintiff's Motion to

Remand, Exhibits 1-4, and Proposed Order were served upon the Defendants through their

counsel via ECF filing.

Figari + Davenport, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
Fax: 214.939-2090
Ray Walker: ray.walker@figdav.com
Andy Jubinsky: andy.jubinsky@figdav.com

*/s/ Nizar A. DeWood*
Nizar A. DeWood